QUESTION PRESENTED AND CONCLUSION
 Question: Whether CCHE has the statutory authority to, by policy or regulation, grant in-state tuition status to undocumented aliens.
Answer: No. CCHE lacks statutory authority to establish a policy or regulation granting in-state tuition status to undocumented aliens.
 BACKGROUND
Under two federal provisions enacted in 1996, undocumented aliens are generally not entitled to in-state residency for tuition purposes. Under the first, the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, undocumented aliens are ineligible to receive "state or local public benefits" unless, through enactment of a state law after August 22, 1996, the state "affirmatively provides" for such eligibility.8 U.S.C. § 1611, 1621. The second, the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, states that aliens not lawfully present in the United States are not eligible on the basis of residence within a state for any state postsecondary education benefit unless any citizen of the United States would be eligible for such benefit regardless of residency.8 U.S.C. § 1623. The effect of this provision is to render undocumented aliens ineligible for in-state tuition status so long as such status is conferred based on residency in the state. See EqualAccess Education v. Merten, 305 F.Supp. 2d 585, 606 (E.D.Va. 2004) (noting that the IIRIRA provides that a public postsecondary educational institution may not grant in-state tuition benefits to undocumented aliens unless such an institution also grants in-state tuition to out-of-state United States citizens). Taken together, these federal provisions require that, in order for states to grant in-state tuition status to undocumented aliens, they must first affirmatively provide for such eligibility, and do so on a residency-neutral basis.
As currently worded, Colorado's Tuition Classification Act links tuition levels to residency in the state. § 23-7-102(5), C.R.S. (2005) ("`In-state student' means a student who has been domiciled in Colorado for one year or more immediately preceding registration at any institution of higher education in Colorado. . . ."). Subsequent to the passage of these two federal laws, several legislative attempts have been made to amend Colorado's Tuition Classification Act to eliminate this residency requirement, and thus to render resident Colorado students eligible for the lower in-state tuition rate regardless of immigration status. These bills, based on similar legislation adopted by states such as Texas, California, Utah, Washington, Oklahoma, Illinois and Kansas, have attempted to address this issue by allowing public colleges and universities to grant in-state tuition to undocumented alien students who have graduated from a state high school and who meet certain residency-neutral, uniformly applied criteria. However, attempts to amend the Tuition Classification Act have proved unavailing.
Recently, questions have been raised regarding whether CCHE possesses authority under existing law to alter the state rules for tuition classification to allow undocumented aliens to qualify for in-state tuition without running afoul of federal law. Thus, in this opinion, CCHE has asked whether, under its current statutory authority, CCHE can, by policy or regulation, effect a change in residency classification methods that would result in undocumented aliens being eligible for in-state tuition classification under current federal law.
 DISCUSSION
In reviewing this question, we first turn to the scope of CCHE's authority over tuition classification as delegated to it by state law. The Tuition Classification Act, §§ 23-7-101 to 107, C.R.S. (2005), sets forth the uniform rules to be applied in determining whether students are classified as in-state students or out-of-state students for tuition classification purposes. Like most states, Colorado's current system of tuition classification links tuition levels to residency. § 23-7-102(5), C.R.S. (2005). Students who are not residents of Colorado typically pay tuition at higher levels than students who have established residency within Colorado. Residency determinations have traditionally been considered a matter of state law, and have generally been guided by reference to two concepts: physical presence within the state for a certain period of time, and intent to remain in the state indefinitely. § 23-7-103(2), C.R.S. (2005).
CCHE's authority under the Tuition Classification Act is extremely limited. Rather, it is left to the registering authority of the institution where the student is registering to apply the statutory rules for determination of in-state status and to make the in-state tuition determination. § 23-7-103(1), C.R.S. (2005). CCHE's authority is limited to the promulgation of uniform forms for the purpose of aiding registering authorities in making the determination. § 23-7-103(2)(k), C.R.S. (2005). CCHE did, at one time, have statutory authority to make reasonable and appropriate exceptions to tuition classification rules upon request of the institution. However, the section granting that authority to CCHE was repealed in 1996. See Colo.Session Laws 1996, Vol. 2, p. 1386.
Nor does the College Opportunity Fund Act enlarge CCHE's authority in this regard. The College Opportunity Fund Act defines "eligible student" to mean "a student who is enrolled at a state institution of higher education and who is classified as an in-state student for tuition purposes. . . ." Thus, the Act makes eligibility dependent upon the same determination of the registering authorities outlined in § 23-7-101 et seq, C.R.S. (2005).
 CONCLUSION
In sum, federal law requires that, in order for states to grant in-state tuition status to undocumented aliens, they must first affirmatively provide for such eligibility, and do so on a residency-neutral basis. Currently, state law provides in-state tuition status based on residency. Several bills have been introduced in the General Assembly that would eliminate residency classification and determine in-state tuition status based on residency-neutral criteria, but none has passed. The question posed by CCHE is whether it has the authority to make such a change, by policy or regulation. As set forth above, CCHE's authority under the Tuition Classification Act is quite limited, and does not encompass authority to change the criteria by which in-state tuition status is granted. For this reason, I conclude that CCHE lacks statutory authority to establish a policy or regulation granting in-state tuition status to undocumented aliens. Rather, such a determination would require an amendment to the Tuition Classification Act by the General Assembly.
Issued this ____ day of January, 2006.
 ______________________________ JOHN W. SUTHERS Colorado Attorney General